## State Board of Funeral Directors v.
## The Oliver H. Bair Company, Suburban-West

*Peter Platten,* for appellant.
*Norman Ackerman,* for Commonwealth.

KREIDER, P. J., December 29, 1966.—This is an appeal from an adjudication and order of the Pennsylvania Board of Funeral Directors which suspended for six months the funeral director's license of appellant, The Oliver H. Bair Company, Suburban-West, on the ground that certain advertising employed by it was misleading in that: (1) it was made to appear therein that appellant and The Oliver H. Bair Company were either one and the same entity or a branch of one another, and (2) that John R. Camp, president of both corporations, was authorized to practice the profession of funeral directing at appellant's place of business, 301 West Chester Pike, Havertown, Pa., when, in fact, he was registered to do business only at 1820 Chestnut Street, Philadelphia, Pa. The board concluded that such advertising in the practice of funeral directing violated section 11 (4) and (6) of the Funeral Director Law of January 14, 1952, P. L. 1898, 63 PS §479.11 (4) and (6), and the Rules and Regulations of the State Board of Funeral Directors, §15.1.

In this proceeding, there are two companies with the name "Oliver H. Bair". The first is a Pennsylvania corporation named The Oliver H. Bair Company. It is not a party to this proceeding. The second is a New Jersey corporation formerly known as the Philadelphia Burial Company and recently renamed "The Oliver H. Bair Company, Suburban-West". The latter was respondent in the proceeding before the board and is appellant here.

The two Bair companies are affiliated. They are under common ownership and management and are operated in accordance with the same policies. They have the same president, John R. Camp, and they share the good will inherent in the name "Oliver H. Bair", which has been established in the undertaking business in the Philadelphia area for more than 75 years.

The question to be decided is whether the board had

substantial evidence that appellant, The Oliver H. Bair Company, Suburban-West, employed misleading advertising in violation of the Funeral Director Law and the board's rules and regulations.

We are concerned here with three printed advertisements published by appellant, which were admitted in evidence by the board. The first, exhibit "C", appeared in the Jenkintown Methodist Church Directory for the year 1965. The second, exhibit "D", appeared in the Philadelphia Inquirer in the week of October 18, 1965, and the third, exhibit "E", appeared in the same newspaper on November 11, 1965.

Exhibit "C" was an advertisement showing two views, one of the new funeral home of appellant with its address, and the other the home of The Oliver H. Bair Company with its Philadelphia address. The oval insignia bears the words: "The Oliver H. Bair Co." with "Oliver H. Bair" in larger type. Underneath appear the words: "Funeral Directors" and the name of John R. Camp with his title as president. The advertisement correctly states the address of each company.

Exhibit "D" is an artist's drawing of appellant's new funeral home with its full name and address. At the bottom of the advertisement appears the insignia: "The Oliver H. Bair Co." and "Suburban-West" shown underneath it. To the left at the bottom appears Mr. Camp's name as president and on the right the name of H. Guy Boohar as resident manager.

The third advertisement, exhibit "E", is a so-called institutional advertisement and bears an oval insignia with the designation: "The Oliver H. Bair Cos." and underneath the words "Funeral Directors".

Appellant contends that there is no valid basis for the board's finding and that there is another interpretation of which these advertisements are susceptible, viz., that they indicate The Oliver H. Bair Company,

and the Oliver H. Bair Company, Suburban-West, are two separate companies licensed at separate locations, operating under a common management and that they are, in fact, *affiliates*. It is claimed that affiliated corporations may take advantage of the good will developed over a period of time by using the same root name qualified by a geographical designation, Suburban-West. This nomenclature, with the addition of a geographical designation, was required and allowed prior to January 1, 1966 by section 202B(1) of the Business Corporation Law of May 5, 1933, P. L. 364, as amended, 15 PS §2852-202B(1), in the case of corporations which are affiliated through ownership by the same interests and which desire to use identical names, and authorized by the Business Corporation Law of January 18, 1966, sec. 9, Act No. 519, revising section 202B(1), effective January 1, 1966, permitting the use of a name similar to an existing corporation if that corporation's consent is obtained. The board in the instant case approved appellant's name and issued a renewal license in that name.

The statutory language in regard to the use of *misleading* advertising is as follows:

"The board, by a majority vote thereof, may . . . suspend or revoke a license of any . . . licensee, . . . for the following reasons. . . .

"(4) The use of misleading advertising . . .

"(6) Violation of or noncompliance with the provisions of this act or the rules and regulations of the board": Act of January 14, 1951, P. L. (1952) 1898, sec. 11(4) and (6), 63 PS §479.11(4) and (6).

"Misleading advertising" is not further defined in the statute. However, the board has issued rules and regulations which, in relevant part, read:

"15.1 No funeral director shall make or cause to be made any inaccurate or deceptive statement, representation, guaranty, warranty, testimonial or endorse-

ment through any advertising or promotional medium. Insofar as any representation concerning the services, merchandise, facilities, equipment or personnel of himself or another funeral director has the tendency or effect of *misinforming the public*, whether intentional or not, such representation is to be interpreted as false and misleading". (Emphasis supplied).

"COMMENT: The effect of this regulation is also to forbid a funeral director's use of his name or the name of a funeral establishment in violation of Regulation 8.2 (funeral director may conduct funeral establishment *only* at the place designated in his license unless he shall also possess a branch office license). . . ."

The test announced by the board in the foregoing rules may be denominated as one relating to "inaccuracy" or "deception". No testimony of record asserts that the words in any of the advertisements in question were inaccurate or deceptive or that anyone, in fact, was misled.

In State Board of Funeral Directors v. Fryer, 37 D. & C. 2d 726, 84 Dauph. 98 (1965), this court dealt with the alleged use of misleading advertising as prohibited by the Funeral Director Law. In that case, we held certain advertisements and oral testimony insufficient to sustain the board's finding of "deceptive advertising". Because of the unfamiliarity of the board's witness with the volume of business done by appellant, we held that the board had not shown by substantial evidence that the advertisements stating, inter alia, that appellant's funeral home was the largest within a certain area and that it did the largest volume of business in the area and that he could offer better or less expensive service, were, in fact, untrue.

"The evidence offered did not show that these advertisements misled or deceived anyone. The board has drawn the conclusion, from an inspection of the

advertisements themselves, without more, that they were 'misleading', but has not shown . . . who was misled, nor how, nor to what extent": 37 D. & C. 2d 726, at page 734.

In the instant case, we feel that the board has not met the burden of proof required. It has not been shown by the fair weight of the evidence that appellant's advertisements were either untrue or misleading. As we said in Fryer, supra, the burden of proof is not upon respondent to prove that the advertisements were not misleading, but on the board to "convince a reasonable mind to a fair degree of certainty" that appellant's advertisements were in fact misleading. See also Pennsylvania State Board of Medical Education and Licensure v. Ferry, 63 Dauph. 243 (1952), affirmed 172 Pa. Superior Ct. 372.

In White v. Rairdon, 52 D. & C. 558 (Delaware Co., 1944), the board dismissed a complaint filed by plaintiff against Rairdon, who had advertised as "Thomas E. Rairdon, Successor to E. F. White Funeral Home" following Rairdon's purchase of the assets and good will of E. F. White's business. Following the board's dismissal, plaintiff, a son of E. F. White and also a funeral director, sought to enjoin Rairdon from such advertising on the ground, inter alia, that he was making use of misleading advertising and was doing business under a name other than appeared on his license. The Common Pleas Court of Delaware County, in an opinion by Judge Harold E. Ervin (now President Judge of the Superior Court of Pennsylvania), dismissed the complaint on the principal ground that the manner of advertising was "not a misrepresentation. It is a truthful representation of the present status".

The board relies solely upon the wording and illustrations in appellant's three advertisements and the board's records which show that appellant's license is

*not* a branch license and that John R. Camp is licensed to practice as a funeral director *only* at 1820 Chestnut Street, Philadelphia, Pa. Emphasis on the basic corporate name, the common designation, use of the insignia: "The Oliver H. Bair Co." and Mr. Camp's dual office as president of both companies, are the basis of the board's objections. The board does not find that appellant violated any provision of the Funeral Director Law other than the alleged employment of "misleading advertising". On the contrary, the record discloses that appellant has complied with the law. Its change of name has been approved by the Pennsylvania Department of State and its license was duly renewed in its new name by the board. Its new establishment has been approved by the board and its licensed supervisor, H. Guy Boohar, has been registered by it.

Moreover, the corporate affiliation between appellant and The Oliver H. Bair Company is entirely consistent with the Funeral Director Law. Neither the statute nor the board's rules and regulations prevent the same interests from owning stock in two or more licensed corporations. Nor do they prohibit two licensed corporations which are under common ownership and control from having similar basic names.

Exhibit "E" is a Veterans' Day message identifying the sponsor only by the oval containing the words: "The Oliver H. Bair Cos." below which are the words: "Funeral Directors". There are, in fact, two companies with the basic name "Oliver H. Bair", and each is licensed to engage in the pratice of funeral directing. Shortening the corporate name by abbreviating "Company" or by omitting the geographical designation "Suburban-West" is not misleading per se. Individuals need not always spell out their names in full; they may use initials. Actually, the oval containing the name "Oliver H. Bair" used in this advertisement is a service

mark or signature, similar to the trademarks and trade names used by business concerns.

Further, the law does not prevent two corporations from having the same president. The only requirement is that each funeral directing establishment have a full time licensed supervisor not associated with another establishment. That requirement has been scrupulously observed, as the Commonwealth's testimony demonstrates. When Mr. Camp advertised himself as president of appellant, he was not, *by this act alone,* holding himself out as a licensed funeral director at appellant's location, and there is no credible evidence that appellant sought to create such an impression. It may be noted also that the board did not cite and made no charge against Mr. Camp for engaging in funeral directing at appellant's place of business.

Appellant's advertising, in substance, tells the public that there are two separate companies at different locations where it may obtain the undertaking services associated with the name "Oliver H. Bair", and the public also may infer that there is a business relationship between the two companies. What is important under the Funeral Director Law and the board's rules and regulations is that each company is licensed at the location advertised and has a licensed funeral director in charge. We do not believe that these advertisements indicate more than an affiliation between the two companies. Under the evidence, we cannot conclude that one is a subsidiary or a branch of the other. Furthermore, we are not aware of any requirement in the statute or in the board's rules and regulations that separate corporations must advertise separately, as the board's adjudication would seem to indicate.

We conclude that the evidence was not sufficient to justify the Board in finding that appellant engaged in "misleading advertising" within the meaning of the Funeral Director Law or the board's rules and regula-

tions and suspending its license for six months. In view of the disposition we make of this appeal, it is unnecessary to discuss the refusal of the board to permit appellant's counsel to interrogate the board's mortuary inspector and principal witness for the purpose of ascertaining whether he is a practicing undertaker in competition with appellant.

### ORDER

And now, December 29, 1966, the appeal of The Oliver H. Bair Company, Suburban-West, is sustained, and the adjudication and order of the State Board of Funeral Directors suspending appellant's license is hereby set aside.